Good morning. Good morning, Judge. May it please the Court, my name is Viswanathan Rudrakumaran. I represent Petitioner Mohamed Sulfik Mohamed Razik in this case. Counsel, help me on one of these cases that's at issue. The Cuno Verdiante case or something like that. Yes, this case is just indistinguishable. You think this case is indistinguishable? Yes, Your Honor. And if that's so, you win. Yes. I wonder if there's not a distinction, and that's what I want to ask you about. In Cuno Verdiante, there was a dispute about, as I recall, what day in January Cuno Verdiante actually entered the United States. But it didn't matter what day in January he entered the United States because on any one of, I think it was three days at issue, maybe it was just two, it would still be within a year of when he applied for asylum. Now, in this case, it's unknown what day Razik entered because the IJ and BIA said the person whose form he presented had a different name, a different passport, and there's inadequate proof that Razik is the person who entered the United States on that day since the person who entered the United States that day filled out the form and said he was somebody else, and Razik couldn't prove he was the same guy. So I wonder if Cuno Verdiante means only that it's a question of law and we have authority to review it when the BIA says the law is you have to prove the exact day you enter. But here, and that was wrong since any of the possible days the person would be within a year. Here, it's not a question of law because what the BIA says is not you have to prove the exact day you entered, but rather we don't know if you entered within a year. You haven't proved you entered within a year because you only proved that some other guy entered within a year, and maybe it's you and maybe it isn't. The historical facts of this case is indistinguishable from Cuno Verdiante. In Cuno Verdiante, the court found that what happened to him in 2001 was credible. Similarly, here the court found that he was persecuted in July 2002. The immigration judge found him credible. The BIA has held that it constitutes past persecution. I'm not sure I understood what you just said. Tell me what you think the finding is. Your Honor, the immigration judge found him credible regarding the 2002 July incident. However, the immigration... Wait, I don't know if you found him credible exactly. I think you just didn't say that he wasn't. What he said was you didn't prove who you are when you entered. No, I'm not talking about the date of entry, Your Honor. I'm talking about what happened to him in Sri Lanka. In Sri Lanka, he alleges in July 2002 he was arrested, detained and beaten. The IJA found him credible. The BIA found him that constitutes past persecution on account of protected grounds. So it is established that in 2002 July, my client was in Sri Lanka. Then the IJA regarding another finding the IJA made... Just a second, I lost your... I'm sorry. I got you through July 2 in Sri Lanka, but I didn't understand what you said. Following that, following the 2002... The IJA found him that he was hiding in Sri Lanka for 6 months. They made a credibility finding. And because of that... Where is the positive credibility finding? The IJA said he is generally credible. And she found that the 2002 incident that he was beaten, but according to her it did not constitute past persecution. But the BIA found that constitutes past persecution. So implicitly at least, both the IJA and the BIA believed your client. And our cases clearly hold that if there is no adverse credibility finding, then the testimony is to be taken as true. Yes. So once they find that he was being persecuted in another country in July of 2002, but they can't figure out what date he's arrived in January of 2003, it's all within one year. That's your point. I also want to go to another step. Because not only July 2002, they also found him that he was in Sri Lanka for 6 months. So we are coming now to January 2003. That has been accepted both by the IJA and both by the BIA. So the historical facts, like a conovarian, has been established, and the only thing the court has to do is to apply the undisputed law to the facts, and that is a legal question. And you have jurisdiction on that issue, and then our position is... And it looks from the government's motion like they are conceding the other issue, which is that the BIA, once it found past persecution, failed to apply the presumption of future persecution and go through the other steps. No, you know, what the BIA did was they found him past persecution, and they said that the future persecution is reverted by three facts. They said because he was safely internally relocated. That was one factor. Then they said his political party is in power, and then third thing they said his father is still involved in politics. So I addressed each of these three factors. But they didn't do it under asylum. They did it under withholding, which is different. But if the court makes the findings, even with respect to withholding, that is equally applicable to asylum. With respect to internal relocation, the BIA conflated two things. My client had problem in 1998. That is an inter-party rivalry between two single-ist parties, political difference. I'm sorry, Your Honor. It looked to me from the BIA decision as though they did not adopt the decision of the IJ. They didn't do a one-liner adopting, and they also didn't say they adopted it. It looks as though they wrote their own independent decision and concluded that they agreed with the outcome from the IJ. That would mean that we do not review the IJ's decision, only the BIA's. Yes, Your Honor. Is that correct? That's correct, Your Honor. So they overturned that. Now where is the finding of credibility in the BIA decision? Your Honor, the BIA, they said that they made a finding on page 3. Based on the respondent's testimony, we find that he established past persecution on account of protected ground, the last line of page 3. But that's not a finding. Oh, I see. You're inferring from based on the respondent's testimony. Testimony. You're inferring a positive credibility finding. Otherwise they would not have made that finding. Well, sure, they would have. Just as we often say, even if A were true, nonetheless, the result would be the same because of B. And that's just what they do in the next paragraph. No, no, no. Next paragraph they are coming, Your Honor. They said, okay, he was subject to past persecution, but that presumption has been reverted. What they're saying is, regardless of past persecution, he can relocate. Yes, that's right. So it doesn't matter whether he's persecuted or not. But it has nothing to do with credibility. The BIA took, with respect to these two incidents, the BIA took him, find him as credible. So now we are coming to internal relocation. They never say that generally credible phrase that you used before. That's just in the IJC. Which they don't adopt. You know, but they could not have made a finding that he was subject to past persecution on account of protected grounds without implicitly accepting that he was credible. Otherwise, they would have qualified it, saying, even though, oh, even though. There's nothing like that. It's a simple clause. What really matters to us now is on the one year. And they say he testified that he entered January. His asylum application was filed January. He submitted a copy of an I-94, but it's somebody else's name. And then they say he didn't proffer any witnesses or submit a statement from any members of the mosque that he says he went to right away, or Nusky, who he says is his American roommate. So in view of the foregoing, we find that the IJ was correct in pre-dermitting his application for failing to prove that he established it was filed within a year. I don't see where there's any positive credibility finding there. It looks as though they're just saying that there's no proof he's the guy that he does show came into the United States on that date. And he didn't offer enough proof. If it's his burden, so he loses some proof. With respect to what date he arrived, the BIA did not make a positive credibility finding. I agree with Your Honor. But the BIA made a positive credibility finding what happened to him in Sri Lanka. So we are coming from that aspect, Your Honor. They're historical facts. That's what the IJ did also. The IJ said he generally is credible, but with respect to the date of his arrival, we have conflicting evidence. That's what the IJ said. But I'm coming from the other side, Your Honor. I'm coming from the fact that historical facts were established that were found credible. That he was beaten in 2002 he was in Sri Lanka. He was hiding in Sri Lanka for six months. Where's the six months in the BIA decision? No, they said, in fact, they defeated his claim because of that. They defeated his claim saying, okay, he was hiding for six months so he could relocate. Thank you, Counsel. So I will give you some rebuttal time because we asked a lot of questions, but we'll hear from the government next. Thank you. Good morning, Your Honors. May it please the Court. I'm Carmel Morgan on behalf of the Respondent, the U.S. Attorney General. While the government acknowledges that this Court has denied Respondent's motion to remand, our position remains that the case should be remanded for the reasons stated in it. Well, the question is how much of a remand and for what, and that's what concerns me. Our case law is pretty clear that if there's no adverse credibility finding, then the Respondent's testimony, the alien's testimony must be taken as true. And this is a pre-Real ID Act case, so there's no corroboration requirement. And here's my concern. At page AR3, which is the second page of the BIA's decision, there is the finding, we find that the Respondent established past persecution on account of protected ground, and that's based on his testimony. So they necessarily found him credible. On the following page, they say, as one of their reasons for denying that the future persecution is reasonable, that he remained in Hatton until he departed the country in January of 2003. So they believed that he didn't leave until January of 2003, which was exactly his testimony. The only real question was, was it January 12th or January 14th? So I don't understand on the timeliness why this isn't exactly in line with Cuna Verdiens, where it was necessarily true that whichever of the dates they accepted, it was within one year after the date of arrival that he applied for asylum. Certainly one option could be to remand to the board to discuss that in light of Cuna Verdiens. What's left to discuss? After the BIA explicitly finds that he remained in the country until 2003, that's in fact one of their grounds for not giving him relief, is they said, hey, you were over there until January of 2003. And he testified, you know, I was over there until January of 2003. So there's no conflict except with this two-day thing. I don't understand what there is to remand other than to say he applied within a year. Go analyze his asylum claim on the merits. Well, I think there's some question, at least, even taking as true his testimony that he arrived at some point in January of 2003 as credible and accurate, whether or not that alone satisfies the clear and convincing evidence burden of showing that. Why not? It looks to me as though your problem is you have to give us something to establish that the BIA did not find that he was in Sri Lanka for six months following July of 2002. The logic of it is if the BIA found that he was in Sri Lanka in July of 2002, and if the BIA found that he was in Sri Lanka for six months after that, and at some subsequent time he came to the United States, then Cuno Verdiante controls, and it doesn't really matter whether this other guy, whose name is on the passport and I-94, is the same person as Razek or not, because we know Razek's here now. We know he was there then. And we know he didn't get out of there and come here until sometime within the last six months preceding his application for asylum. Well, help me if there's some alternative theory that makes sense. An alternative theory is that the one-year asylum bar requires that you prove that you filed within one year by clear and convincing evidence. Yeah, sure it does. Credible testimony alone may not be enough. Wait, wait, wait. But up until the Real ID Act was passed, this court said that a person's testimony alone is enough to establish any fact. But we don't even have to get there. His application, which is in the record, I'm looking at ER-480, it's dated October the 9th, 2003. And the BIA found that he arrived here in January of 2003. They've already made the finding. And I think we can take notice that January to October of the same year is within a year. So what's left to find other than that his asylum application should be considered on its merits? Do you ever just confess error on a point and say let's remand for one of the merits? We do encourage a remand. No, I understand that, but that's a little different than the question I asked you. You want us to remand for what? I mean, just like to have the agency spin its wheels? I mean, I don't understand. The first reason we wanted a remand is because it was unclear whether or not the board improperly placed the burden on the petitioner to show future persecution. Right. So they made a second error. They've got a lot of work to do on remand. And I guess the reason that concerned me is that your motion to remand was very narrow. You were only willing to say that maybe they were wrong at step two, but not at step one. And that's the issue that we're talking about now, because there's more work for them to do if the asylum application was timely. I agree that if it's construed that the board's opinion, the most recent board decision, actually finds the petitioner credible as to the entry date of January 2003. It almost becomes, to my mind, irrelevant. Once they make another determination on a key fact, an indisputable fact, then that's why I said, why don't we just confess error and let's move along? But, I mean, it just seems to me you argue to spin your wheels and ours, and I don't understand it. I certainly don't want to spin anyone's wheels or ours. We do absolutely encourage remand under the circumstances. Let me focus on what – I guess my question's the same as Judge Lucero's. It seems like the credibility determination or not, and whether they made a credibility determination or not, is irrelevant. We know that he's in the United States because he was standing there right in court in front of the immigration judge. We know that he applied for asylum October 9, 2003 because it's right in file. So if it's a logical impossibility for him to have come to the United States more than a year before that date, then credibility matters. But if it's a logical impossibility, then credibility doesn't matter. And if he was in Sri Lanka subsequent to October 9, 2002, credibility doesn't matter because we know he's here now and we know he's there then, and we know he got here in between then and now. It doesn't matter if he's a total liar and if he presents no proof at all. And we also know, Judge, that the application is time-dated by the agency on a given date. I mean, it seems to me almost – you know, I don't want to visit the Ninth Circuit and then make some statement, but it seems almost like inappropriate behavior to argue against the face of facts. It's almost like filing a complaint without merit. Yeah. I do apologize. No need to apologize. I just asked you. I mean, why I asked is don't you at some point just say, well, Judge, I think we're wrong and let's move on? I'll tell you why I was approaching it the way I was. I actually missed, in reading the board opinion, that in the relocation findings they had January 2003 as a date. That's completely inconsistent, I agree, with the finding that he didn't file within the one year. I was going on the immigration judge's – No, but I know that's what you were – that was then, but this is now. I mean, now it's been called to your attention, that's what I'm saying. I agree it's inconsistent, and it does seem that remand is appropriate for all three reasons. Counsel, it's not really about you. It's about Rizk, and I want to know, is there any way to read the BIA decision in the subjunctive? Or is the BIA deciding that he was in Sri Lanka and hadn't come to the United States yet within a year preceding October 9, 2003? I read the board's opinion as saying that the evidence was insufficient. Not that he was not credible, but just that they didn't have enough – Insufficient for what? To satisfy – Did you hear the last part of what I said, that he was in Sri Lanka and had not yet come to the United States within a year of October 9, 2003? That's the part I'm interested in. Right. I don't know how to reconcile those two different parts of the decision. I do think remand is necessary. Okay, so if pages three and four are to be read literally, he was in Sri Lanka until January 2003 when he came here and he applied in October of 2003. And that would be within a year, right? Okay. They also in the board decision, of course, say that they uphold the immigration judge's determination. For the improper reason that they're looking for corroboration, and there was no corroboration requirement at that time. Well, there was no corroboration requirement, but I realize this is probably moot at this point since there are those two different determinations in the same decision. But the immigration judge had a bifurcated merits hearing. There were two different dates. And after the first date, the immigration judge said, I'm having trouble with the one-year time bar. Could you please come forward with some additional documents or a witness the next time we're at the hearing? Because he did mention he'd moved in with a friend from the mosque immediately. And although she gave him a hint that that would have been helpful to her, he did not come back with any witnesses or any additional documents. We understand how you got where you got. Okay. Okay. Thank you, counsel. I thank you very much. Thank you. You may have a minute for rebuttal if you want. Regarding the presumption, the burden they put it on the petitioner, it's wrong. I think they're agreeing that it was wrong. Yeah. But even the government said in their brief, in a footnote, it doesn't matter because the facts are there. So I don't think, Your Honor, that the court has to remand for that purpose. Well, under Ventura and Thomas, we can't make a decision for the agency, no matter how clear the evidence might be. We have to send it back for them to do it right. So hopefully they will. Yeah, that's all, Your Honor. Because our position was to remand only on the discretionary aspects because if the facts need not be developed, because the facts are there, he was there for six months. But I have addressed that thing in detail in my brief, page 22, 23. So even though they put the burden on the other side, I don't think it's going to make any difference, Your Honor. The facts are already there. So our position is to remand this only for the way that they had to exercise their discretion for the grant of asylum. That's all. Are there any further questions from the panel? If not, we understand your position that it should be remanded only for an exercise of discretion. We understand that. Thank you, counsel. The case just argued is submitted, and we will be adjourned for this morning's session. Thank you very much.
judges: Kleinfeld, Lucero, Graber